ZUKOWSKI *v.* BRUNNER, SECY. OF STATE.

[Cite as *Zukowski v. Brunner,* 125 Ohio St.3d 53, 2010-Ohio-1652.]

*Elections — Request for removal of candidates from ballot denied on basis of deficiencies in complaint and lack of evidence — Nonmember of party lacks standing to protest another's candidacy for party's nomination.*

(No. 2010-0499 — Submitted April 12, 2010 — Decided April 14, 2010.)

ON EXPEDITED ELECTION COMPLAINT.

_____

**Per Curiam.**

{¶ 1} This is an expedited election action for an unspecified writ to compel respondent, Secretary of State Jennifer Brunner, to remove the names of several candidates from the May 4, 2010 primary-election ballot. Because relator does not specify the writ he requests and he is not entitled to the relief he seeks, we deny the requested relief.

**Facts**

{¶ 2} Relator, Andrew G. Zukowski, is a Republican Party candidate for United States House of Representatives from the Twelfth Congressional District of Ohio. On March 1, 2010, Zukowski filed written protests with the office of the secretary of state against the following candidates for statewide office: John Kasich, candidate for the Republican Party nomination for governor; John Husted, candidate for the Republican Party nomination for secretary of state; Mike DeWine, candidate for the Republican Party nomination for attorney general; Richard Cordray, candidate for the Democratic Party nomination for attorney general; and Jennifer Brunner, candidate for the Democratic Party nomination for United States senator from Ohio. On that same date, Zukowski filed written protests with the Franklin County Board of Elections against the board's

certification of Susan Brown as a candidate for judge of the Franklin County Court of Appeals and Patrick J. Tiberi as a candidate for the United States House of Representatives from the Twelfth Congressional District of Ohio.

{¶ 3} After the board of elections denied Zukowski's protests against Brown and Tiberi, he requested that the General Assembly remove the board's director, and he filed an "appeal" from the board's decision with the secretary of state. On March 9, the secretary of state denied Zukowski's protest against the five statewide candidates. Evidently, the secretary of state also denied his attempted appeal of the board's decisions denying his protests and his request to remove the board's director.

{¶ 4} On March 18, Zukowski filed this expedited election action as a complaint "for expedait election cases." (Sic.) He titled it as an "appeal" from the board of elections and requested the removal of Kasich, Husted, DeWine, Cordray, Brunner, Brown, and Tiberi from the primary-election ballot. The secretary of state submitted an answer, and the parties filed briefs pursuant to S.Ct.Prac.R. 10.9.

{¶ 5} This cause is now before the court for our consideration of the merits.

**Legal Analysis**

{¶ 6} In this expedited election case, Zukowski seeks the removal of seven candidates from the May 4, 2010 primary election and the removal of the director of the Franklin County Board of Elections from his office. For the following reasons, we deny the requested relief.

{¶ 7} First, Zukowski does not state the writ he requests, and his complaint is not supported by an affidavit specifying the details of his claim, as required by S.Ct.Prac.R. 10.4(B) ("All complaints shall contain a specific statement of facts upon which the claim for relief is based, shall be supported by an affidavit specifying the details of the claim, and may be accompanied by a

memorandum in support of the writ. * * * All relief sought, including the issuance of an alternative writ, shall be set forth in the complaint"). See *State ex rel. Becker v. Eastlake* (2001), 93 Ohio St.3d 502, 504, 756 N.E.2d 1228 (amended complaint in expedited election case was fatally defective and subject to dismissal because it contained no affidavit). In fact, even in his merit briefs, Zukowski fails to specify which, if any, writ he is requesting.

**{¶ 8}** Second, Zukowski's claims are not supported by sufficient, admissible evidence. See S.Ct.Prac.R. 10.7. Nor was he permitted to introduce evidence after the deadline imposed by S.Ct.Prac.R. 10.9 as he attempted, by attaching a partial transcript of a proceeding before the board of elections to his reply brief. Although we exercise some liberality in the construction of our rules, Zukowski's failure to comply with S.Ct.Prac.R. 10.4(B), 10.7, and 10.9 is tantamount to a substantial disregard of them, which will not be tolerated. See *Wellington v. Mahoning Cty. Bd. of Elections*, 117 Ohio St.3d 143, 2008-Ohio-554, 882 N.E.2d 420, ¶ 18; *Drake v. Bucher* (1966), 5 Ohio St.2d 37, 40, 34 O.O.2d 53, 213 N.E.2d 182. The mere fact that Zukowski is proceeding pro se does not entitle him to ignore these requirements. See *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402, ¶ 1; see also *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.* (2001), 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (" '*pro se* litigants * * * are held to the same standard as litigants who are represented by counsel' ").

**{¶ 9}** Third, the secretary of state neither abused her discretion nor clearly disregarded applicable law by denying Zukowski's protests against Democratic candidates Cordray and Brunner, because as a Republican, Zukowski lacked standing to protest their candidacies. See R.C. 3513.05 ("Protests against the candidacy of any person filing a declaration of candidacy for party nomination

or for election to an office or position, as provided in this section, may be filed by any qualified elector who is a member of the same political party as the candidate and who is eligible to vote at the primary election for the candidate whose declaration of candidacy the elector objects to * * *").

{¶ 10} Fourth, the secretary of state neither abused her discretion nor clearly disregarded applicable law in denying his protest against the candidacies of Republicans Kasich, Husted, and DeWine. Zukowski failed to specify viable reasons to prevent their candidacies. See R.C. 3501.39(A)(1) and 3513.05.

{¶ 11} Fifth, the secretary of state did not err in refusing Zukowski's appeal of the board's denial of his protests against the candidacies of Brown and Tiberi. Zukowski cites no authority for an appeal. For example, there is no indication of any tie vote or disagreement by the board of elections in denying Zukowski's protest, which would have warranted submission of the matter by the board of elections to the secretary of state under R.C. 3501.11(X). Zukowski also did not name the board of elections as a respondent in this case, and the board correctly determined that the term limits of Section 8, Article V of the Ohio Constitution are inapplicable to Brown because she is not a candidate for either the United States Senate or the United States House of Representatives and are inapplicable to Tiberi because the term limits cannot be constitutionally applied to him. See, e.g., *U.S. Term Limits, Inc. v. Thornton* (1995), 514 U.S. 779, 115 S.Ct. 1842, 131 L.Ed.2d 881; see also *Cook v. Gralike* (2001), 531 U.S. 510, 513, 121 S.Ct.1029, 149 L.Ed.2d 44.

{¶ 12} Finally, Zukowski did not request the removal of the director of the board of elections in his complaint, S.Ct.Prac.R. 10.4(B), and he did not submit sufficient evidence to support his claim. S.Ct.Prac.R. 10.7; see also R.C. 3501.16 ("The secretary of state may summarily remove or suspend any member of a board of elections, or the director, deputy director, or any other employee of the board, for neglect of duty, malfeasance, misfeasance, or nonfeasance in office, for

4

any willful violation of Title XXXV of the Revised Code, or for any other good and sufficient cause").

### Conclusion

{¶ 13} Therefore, because Zukowski has not established his entitlement to the requested relief, we deny his request.

Relief denied.

PFEIFER, ACTING C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

The late CHIEF JUSTICE THOMAS J. MOYER did not participate in the decision in this case.

_____

Andrew G. Zukowski, pro se.

Richard Cordray, Attorney General, and Aaron D. Epstein and Pearl M. Chin, Assistant Attorneys General, for respondent.

_____