[Cite as *Schramm v. Appvion, Inc.*, 2017-Ohio-1390.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| DIANE L. SCHRAMM | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   27116 |
| | : | |
| v. | : | T.C. NO.   15CV3951 |
| | : | |
| APPVION, INC., et al. | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____14th____ day of _____April_____, 2017.

. . . . . . . . . .

DIANE L. SCHRAMM, 2731 Wild Orchard Point, Dayton, Ohio 45458
     Plaintiff-Appellant

DAVID C. KORTE, Atty. Reg. No. 0019382 and MICHELLE D. BACH, Atty. Reg. No. 0065313 and JOSHUA R. LOUNSBURY, Atty. Reg. No. 0078175, 33 W. First Street, Suite 600, Dayton, Ohio 45402
     Attorneys for Defendants-Appellees, Appvion, Inc.

AMANDA BROWN, Atty. Reg. No. 0075651, 150 E. Gay Street, 22nd Floor, Columbus, Ohio 43215
     Attorney for Defendant-Appellee, Bureau of Workers' Compensation

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the May 24, 2016 Notice of Appeal of

Diane L. Schramm.  Schramm appeals from the trial court's May 6, 2016 "Decision,

Order and Entry Granting *Nunc Pro Tunc* Plaintiff's Motion for Leave to File Second Answer [Surreply] to Appvion's Motion for Summary Judgment; Denying Defendant Appvion, Inc.'s Motion to Strike Plaintiff's Second Answer to Appvion's Motion for Summary Judgment; and Granting Defendant Appvion, Inc.'s Motion for Summary Judgment."   We hereby affirm the judgment of the trial court.

**{¶ 2}** Schramm filed a pro se Complaint against Appvion and the Bureau of Worker's Compensation ("BWC") on July 30, 2015, alleging that "on or about April 28, 2004, she was an employee of Appvion, * * * and during the course of [and] arising out of her employment she sustained/contracted an accidental injury/occupation disease; that on said date her employer was amenable to the provisions of the Workers' Compensation Act."   The complaint provides that in August 2012 the District Hearing Officer ("DHO") denied her first report of injury/occupational disease. Schramm further alleged that in October 2012 the Staff Hearing Officer affirmed the DHO's order.   Finally, the complaint alleged that she appealed to the Industrial Commission ("IC"), and that the IC refused the appeal and denied her the right to participate in the benefits provided by the BWC fund.

**{¶ 3}** Appvion answered the complaint on August 24, 2015, and the Administrator of the BWC did so on August 27, 2015. On September 14, 2015, the court issued an entry that provides that at a telephonic scheduling conference on September 11, 2015, Schramm requested a 60 day continuance of the conference to obtain legal representation. The court granted the continuance and indicated that no further continuances requested by Schramm would be granted for any reason.

**{¶ 4}** On February 22, 2016, Appvion moved for summary judgment, arguing that Schramm "failed to timely file her Complaint in accordance with the savings statute."   The

motion provides that Schramm "filed a Workers' Compensation claim, assigned No. 04-867884, alleging she sustained several medical conditions as a result of exposure to chemicals while employed by Appvion," and that the claim was denied administratively by the IC.   The motion provides as follows:

On 11/14/12, counsel for Schramm appealed the denial of the claim to this Court by filing a Notice of Appeal and Petition and Complaint. Affidavit of Julie A. Gunter[1] dated February 22, 2016, Exhibits A and B ("Gunter Affidavit").   The case was assigned No. 2012 CV 08099.   On 7/7/14, Schramm, *pro se*, filed Plaintiff's Notice of Voluntary Dismissal of Proceeding pursuant to Rule 41(A)(1)(a) of the Ohio Rules of Civil Procedure.   *Id.*, Exhibit C.

On 7/7/15, Schramm filed a Petition/Complaint specifically in Case No. 2012 CV 08099, the previously dismissed case.   *Id.,* Exhibit D.   On 7/27/15, this Court *sua sponte* filed an Order and Entry Striking Plaintiff/Appellant's July 7, 2015 Complaint because Schramm failed to file a new action as required by the savings statute.   *Id.*, Exhibit E (hereinafter "Order"); *see also* R.C. 2305.19(A).   The Court stated that the Complaint was stricken without prejudice to Schramm's ability to re-commence the same action under a new case number within the time permitted by R.C. 2305.19(A).   Order, p. 3.

On 7/30/15, namely beyond the one year refiling period, Schramm

---

[1] The attached affidavit provides that Julie Gunter is the Workers' Compensation Litigation Paralegal for Coolidge Wall.   She authenticated the remaining exhibits attached to the motion for summary judgment.

filed a Petition/Complaint that was assigned Case No. 2015 CV 03951. Gunter Affidavit, Exhibit F. Appvion asserts that it is entitled to summary judgment due to Schramm's failure to timely refile her Complaint as a new action pursuant to the savings statute.

{¶ 5} On March 7, 2016 Schramm filed "Plaintiff's Answer to Appvion's Motion for Summary Judgment." Therein she asserted as follows:

* * *

The Workers' Compensation Case (04-867884) was refiled/reopened on July 7, 2015, within the savings statute.

The closed case (2012 CV 08099) was documented at the top of the electronic reopening/refiling entry of July 7, 2015, for the purpose of identifying the case, which are customary procedures.

The Montgomery County Clerk of Courts was informed on July 7, 2015, of this case being "reopened" or "refiled" within the savings statute (See Attached Exhibit 1 of Plaintiff). I specifically informed the clerk it had to be reopened on this date. It was quite obvious the clerk was confused and not educated on the procedures for reopening/refiling this document. She kept asking a co-worker questions about the procedure. She then reassured me it had been done correctly.

In response to "Exhibit A" and "Exhibit B" of defendant regarding the "Record of Proceedings" hearing officer relying on Dr. DeHart's report that specific multiple chemicals were not identified to cause plaintiff's injuries. [sic.] Plaintiff has the documentation from reports of two medical experts

and three neuropsychologists who completed thorough examinations and had examined MSDS's and medical history. Specific toxic chemicals **were identified**, proven in the plaintiff's blood tests results performed at AXYS Laboratory in Sidney, British Columbia. Blood tests do not lie.

Defendant has not cooperated under OSHA Law to provide my medical experts with the trade secrets and proprietary information needed to complete their diagnosis and my treatment.

{¶ 6} The sole attachment to Schramm's "Answer" is a copy of the July 7, 2015 "Petition/Complaint," which reflects Case No. "2102 [sic] CV 08099."

{¶ 7} "Defendant, Appvion, Inc.'s Reply in Support of Summary Judgment" was filed on March 23, 2016. Appvion asserted that as a pro se litigant, Schramm was not entitled to special treatment, and that her complaint in Case No. 2012 CV 08099 failed to comply with the savings statute. Appvion asserted that the doctrine of res judicata barred Schramm from arguing that her complaint was timely refiled on July 7, 2015. Appvion argued that it was entitled to summary judgment because Schramm's July 30, 2015 complaint was filed more than one year after her original case was dismissed. Finally, Appvion asserted that Schramm's comments regarding the merits of her claims and OSHA requirements are irrelevant.

{¶ 8} On March 29, 2016, Schramm filed "Plaintiff's Second Answer to Appvion's Motion for Summary Judgment." Therein she asserted that she has been diagnosed with "Toxic Encephalopathy," which "is permanent brain damage." She repeated her arguments about the employee in the clerk's office. She asserted that due to the deaths of two relatives, she was "not physically able to make the trip down to the courthouse to

refile until July 7, 2015." She argued that Appvion failed to provide necessary information to her treating physician.

{¶ 9} Schramm's "Second Answer" is notarized, and she attached her July 7, 2015 "Petition/Complaint"; a portion of text from an unknown source that provides in part, "When safety data sheets do not list all chemicals present, the physician, nurse, or industrial hygienist should contact the manufacturer directly, because OSHA regulation 1910.1200 allows health professionals access to trade-secret information when needed to care for an individual"; May 6, 2008 correspondence from Dr. Allan Lieberman of the "Center for Occupational & Environmental Medicine, P.A.," ("COEM") to an unidentified recipient, requesting "proprietary ingredients and trade secrets" for the care of Schramm and two other Appleton Paper Co. employees; a May 10, 2012 "Updated Medical Report on Diane Schramm" on COEM letterhead; and a "Preliminary Statement: Neurobehavioral Toxicology Assessment: Diane L. Schramm," dated May 23, 2012, and signed by Raymond Singer, Ph.D.

{¶ 10} Appvion moved to strike Schramm's "Second Answer" on March 31, 2016, asserting that pursuant "to Local Rule 2.05(B)(2), Plaintiff was permitted to file one memorandum in opposition to Appvion's Motion for Summary Judgment." On April 11, 2016, Schramm filed a document captioned, "Respectfully Apologize to the Court and the Honorable Judge Mary Wiseman," in which she sought "permission from the court and the judge to submit my second response to Summary Judgment to correct statements of inaccuracies and misstatements made by Appvion's counsel." On April 18, 2016, Schramm filed "Plaintiff's Request for Mediation," which the court denied on April 28, 2016, noting that since "mediation is not appropriate in this matter, Plaintiff's *Request for*

*Mediation* hereby is DENIED with prejudice."

{¶ 11} On May 6, 2016, at 12:44:48 p.m., Schramm filed a "Motion Requesting Judge for Recusal from Case," which provides that "Judge Wiseman was employed at Coolidge Law Firm with opposing attorneys and also was an attorney and shareholder in Coolidge Wall Law Firm." Schramm asserted that "Coolidge Wall Law Firm" contributed to Judge Wiseman's campaign for judge. She argued that she "lost my last legal representation due to Judge Wiseman's refusal to permit my counsel adequate time * * * to review and respond to my case. I then had to file a voluntary dismissal (41)(A) Document for case 2012 CV 08099 because of not having sufficient time to find new counsel." Schramm argued that the trial court refused to reschedule a conference call on September 11, 2015 "[d]ue to an out of state death in [Schramm's] family." Schramm asserted that the "judge's most current ruling against me denying me mediation 'with prejudice' * * * has forced me to ask for her to recuse herself from this case." Schramm asserted that she is "in the process of filing an American Disabilities Act Complaint with the U.S. Department of Justice against Judge Wiseman for discriminating against a person protected under the American Disabilities Act * * *." Schramm argued that "Judge Wiseman has been biased and shown favoritism toward the defendant and their counsel." Schramm attached 19 Exhibits to her motion.

{¶ 12} In ruling on the motion for summary judgment, also on May 6, 2016, at 3:24:33 p.m., the court first addressed Appvion's motion to strike Schramm's "Second Answer" as follows:

> As Defendant Appvion aptly notes * * * Plaintiff neither requested nor
> was granted leave by this Court before filing her *Second Answer to*

*Appvion's Motion for Summary Judgment* [*i.e.,* "Surreply"]. Nevertheless, Plaintiff promptly attempted to rectify that omission by requesting such leave after Defendant's motion to strike apprised her of the need to acquire the Court's permission. * * * Because Plaintiff's surreply is proffered to correct a serious defect in her original memorandum – *i.e.,* that Plaintiff's first response to the summary judgment motion did not include an affidavit or any other cognizable evidence to justify her opposition * * *, while her surreply bears a notary seal * * *– the Court in the exercise of its discretion is inclined to extend that limited degree of latitude to Plaintiff. Accordingly, Plaintiff's *Motion for Leave to File Surreply* will be granted *nunc pro tunc*, and Defendant Appvion's motion to strike that surreply will be denied.

**{¶ 13}** Regarding Appvion's motion for summary judgment, the court noted that "Defendant has sustained its initial burden under Civ.R. 56(C) of demonstrating that no genuine issue of material fact exists as to Plaintiff's untimely filing of her current complaint more than one year after her July 7, 2014 dismissal of the same claim in Case No. 2012 CV 8099." The court noted that Schramm, "however, has not fulfilled her reciprocal burden under Civ.R. 56(E) by showing the existence of a legitimate factual dispute as to the timeliness of that reinstituted complaint." The court determined as follows:

Although Plaintiff suggests that her complaint should be deemed timely filed because her *pro se* status led her to rely on the Clerk's office to assure that her complaint was re-filed correctly on July 7, 2015 * * *, the fact that Plaintiff has chosen to proceed without the benefit of legal counsel does not excuse her failure to properly file her complaint as a new action rather

than attempting to re-open the previously-dismissed case. *Pro se* status does not relieve a party of the obligation to comply with applicable litigation deadlines. * * * Furthermore, the function of the office of the Clerk of Courts is <u>not</u> to provide litigants with legal advice. * * *. As a result, Plaintiff's professed reliance on the Clerk of Courts to assure that her complaint was correctly and timely filed does not excuse Plaintiff's own failure to timely re-file her claim as a <u>new</u> action in accordance with the requirements of the Ohio savings statute. * * *

Additionally, as Defendant aptly notes * * *, the evidence of record indicates that the *Petition/Complaint* Plaintiff presented to the Clerk's office on July 7, 2015 – at the very end of the savings statute's one-year window for re-filing – already bore the <u>type-written</u> prior case number. * * * The evidence thus suggests that Plaintiff herself, without prompting by any Clerk's office employee, already had prepared her complaint for re-filing under the old case number when she arrived at the Court on the <u>very</u> <u>last</u> <u>day</u> of the saving's statute re-filing period. Plaintiff's claimed inability to travel to the courthouse earlier in June or July of 2015 * * * does <u>not</u> explain why she failed to undertake any effort to determine the proper procedure for reinstituting her voluntarily dismissed case before the final waning hours when her opportunity to do so was set to expire.

Accordingly, all evidence of record indicates that Plaintiff herself mistakenly failed to recognize the need to reinstitute her worker's compensation appeal under a <u>new</u> case number by no later than July 7,

2015. Under the applicable law of this state, Plaintiff's current complaint therefore is time barred, and she is unable to escape the consequences of her own mistake.

Defendants' Civ.R.56(C) motion for judgment in its favor as a matter of law therefore is well taken.

{¶ 14} On May 19, 2016 the trial court issued a "Decision, Order and Entry Denying with Prejudice Plaintiff's Motion for Recusal of Judge." The Decision provides in part as follows:

This Court believes that Plaintiff Schramm's request that Judge Wiseman remove herself from this case is moot in light of the fact that final judgment now has been entered as to Plaintiff's action in its entirety * * *, with Plaintiff appearing to have waived any objection to Judge Wiseman presiding over this case by failing to timely file an affidavit of disqualification in accordance with R.C. § 2701.03. * * * Nevertheless, because Plaintiff filed the motion seeking recusal shortly before the final judgment entry actually was docketed, and because a challenge to her fairness and impartiality is a matter not taken lightly by this Judge, the Court has proceeded to consider the merits of Plaintiff Schramm's request.

{¶ 15} The court noted that judges are presumed to be impartial, and that "[m]yriad decisions of the Ohio Supreme Court make clear that a judge is not required to refrain from presiding over cases in which some party happens to be represented by a law firm or attorney with whom the judge long ago had a professional relationship." The court noted that her relationship with the Coolidge Wall law firm ended in 2007, "five years

before Plaintiff filed her original appeal in this Court." The court noted that "while the Judge <u>did</u> recuse herself from all matters in which Coolidge Wall attorneys were appearing for a period of two years after taking the bench, case law confirms that <u>permanent</u> recusal is unnecessary."

{¶ 16} The court determined that "the rules governing judicial conduct in this state require a judge to disqualify himself or herself due to a financial conflict of interest only when a <u>current</u> economic interest exists as to 'the subject matter in controversy or in a party to the proceeding.' Ohio Jud.R.2.11(A)(3)." The court determined that Schramm's "intimation that Judge Wiseman should recuse herself due to a <u>past</u> financial interest is therefore rejected." The court further "decline[d] to recuse herself based upon non-existent knowledge of Plaintiff's case before that case was assigned to her."

{¶ 17} The court noted that "[a]mple Ohio Supreme Court jurisprudence advises that having accepted campaign support from a particular law firm or attorney is not grounds for an elected judge's recusal from cases in which such firm or attorney participates." The court noted, "[a]ccording to the Ohio Supreme Court, the mere fact that a judge has issued rulings adverse to a party in a pending case is not grounds for disqualification." The court noted that its "unwillingness to refer the present case to mediation was premised on the Court's recognition that Plaintiff's latest complaint was filed after the applicable statute of limitations had run, and that her entire cause of action thus was subject to dismissal for that reason." The court determined that "the record dictates an inescapable conclusion that the unfavorable disposition of her case is a product of Plaintiff's own mistakes and not of any bias or prejudice harbored by the undersigned Judge." The court finally determined that "Plaintiff's efforts to have the

undersigned removed from presiding over this case appear to be less about any objective indicia that this Judge is biased or prejudiced against Plaintiff and/or in favor of Defendant Appleton/Appvion or its counsel than about the fact that Plaintiff simply 'is unhappy about a series of rulings' that have not gone her way." The court denied the motion "with prejudice."

{¶ 18} We initially note that Schramm's brief does not comply with App.R. 16; for instance, she failed to set forth a specific assignment of error for our review. In a section entitled "Argument," Schramm asserts that she "did not ask clerk of courts personnel advice on how to file a document but instructed them on what was needed." She argues that the "Clerk of Courts is not taking the responsibility of incorrectly reopening the case they are trained to do putting the blame on a person because they are acting ProSe [sic]. They should have admitted their mistake." Schramm asserts that "Judge Wiseman's [sic] commented that Appellant was unhappy about a series of rulings is correct. She should have recused herself from the beginning of these cases because of previously being employed and a shareholder of Coolidge Wall. The fact that she ruled with prejudice in her recusal and mediation motions is not normal as other worker's compensation attorneys have advised." Schramm asserts that "[t]hese cases as well as other Appvion employees were very active while her employment with Coolidge Wall [sic]. It would have been discussed openly in staff meetings." Schramm argued that "[i]n Judge Wiseman's decision denying Appellant's motion for recusal she obviously retaliated against Appellant by granting Summary Judgment for Appellee shows her prejudice, impartiality [sic] and the conflict of interest."

{¶ 19} Finally, Schramm asserts as follows:

This case has been going on for twelve years. Half of the co-workers (over 200 of 425 employees from Appvion) are ill or deceased from many medical problems such as cancers, heart problems, diabetes, neuropsychological problems, endocrine disorders, intestinal and airway diseases, etc. It is upsetting that Judge Wiseman has no compassion or value for injured employees of Appvion but to support her former law firm [sic]. Appellant needs compensation for numerous permanent medical conditions and care.

{¶ 20} Appvion responds that the trial court properly granted its motion for summary judgment because Schramm failed to timely re-file her appeal in accordance with the savings statute. Appvion argues that Schramm is not entitled to special treatment as a pro se litigant. According to Appvion, res judicata "operates to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." Appvion asserts that "Schramm is barred from arguing that the Complaint was properly and timely filed on July 7, 2015." Appvion asserts that Schramm failed to support her complaint with competent Civ.R. 56(C) summary judgment evidence. Appvion argues that Schramm's brief "discusses many matters that are completely irrelevant to the issue at hand." Appvion asserts that Schramm "failed to file an affidavit of disqualification with the Ohio Supreme Court as required by R.C. § 2701.03(A). In addition, the matter was pending before Judge Wiseman for almost two years under Case No. 2012 CV 08099 and Schramm never sought recusal." Appvion asserts that "Judge Wiseman later issued a detailed Decision order denying the recusal motion, but even if she had not, the recusal motion would have

been impliedly overruled by the grant of summary judgment."

{¶ 21} In Reply, Schramm asserts in part as follows:

It is clearly evident that the two employees of the clerk of courts did not know the correct procedure of refiling a case. Why did it take three weeks to discover it had been filed wrong? The reason for this appeal is because of Judge Wiseman's ruling of summary judgment and ignoring a disabled person (recognized by the ADA) of trying to cooperate with the court by trying to get accommodations for mediation for her condition. It was easier for Judge Wiseman to rule summary judgment and clear her court docket than accommodate a disabled person, who was able to finally secure legal [sic] for mediation after twelve years of litigation and not waste taxpayers' money on a trial. Appellee's counsel can cite all the cases they want but the truth is the truth.

{¶ 22} As this Court has previously noted:

When reviewing a summary judgment, an appellate court conducts a de novo review. *Village of Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Harris v. Dayton Power & Light Co.*, 2d Dist. Montgomery No. 25636, 2013–Ohio–5234, ¶ 11 (quoting *Brewer v. Cleveland City Schools Bd. Of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997) (citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 413 N.E.2d 1187

(1980)). Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

Civ. R. 56 defines the standard to be applied when determining whether a summary judgment should be granted. *Todd Dev. Co., Inc. v. Morgan,* 116 Ohio St.3d 461, 463, 880 N.E.2d 88 (2008). Summary judgment is proper when the trial court finds: "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the Motion for Summary Judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Fortune v. Fortune*, 2d Dist. Greene No. 90–CA–96, 1991 WL 70721, *1 (May 3, 1991) (quoting *Harless v. Willis Day Warehous[ing] Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 45 (1978)). The initial burden is on the moving party to show that there is no genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292–93, 662 N.E.2d 264 (1996). Once a moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dotson v. Freight Rite, Inc.*, 2d Dist. Montgomery No. 25495, 2013–Ohio–3272, ¶ 41 (citation omitted).

*Cincinnati Ins. Co. v. Greenmont Mut. Hous. Corp.*, 2d Dist. Montgomery No. 25830, 2014-Ohio-1973, ¶17-18.

**{¶ 23}** As this Court has previously noted:

* * * "[I]t is well-established that pro se litigants are held to the same rules, procedures, and standards as litigants represented by counsel." *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. Franklin No. 11AP–473, 2012–Ohio–467, ¶ 25, citing *Zukowski v. Brunner*, 125 Ohio St.3d 53, 2010–Ohio–1652, 925 N.E.2d 987. (Other citations omitted.) *Accord Cox v. Oliver*, 2d Dist. Montgomery No. 26515, 2015–Ohio–3384, ¶ 20. "It is true that a court may, in practice, grant a certain amount of latitude toward pro se litigants. * * * However, the court cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel." (Citation omitted.) *Goodrich* at ¶ 25.   *Accord Cox* at ¶ 22.

In *Karnofel v. Kmart Corp.*, 11th Dist. Trumbull No. 2007–T–0036, 2007–Ohio–6939, the court of appeals affirmed a grant of summary judgment to two defendants, based on a pro se litigant's failure to submit proper evidentiary materials in response to their summary judgment motions. *Id.* at ¶ 21–30. The court stressed that "[a]lthough this may seem to be a technicality to a non-attorney, the Ohio Rules of Civil Procedure must be followed regardless of whether the litigant is represented by counsel or appears pro se." *Id.* at ¶ 27. In this regard, the court stressed that " '[i]f the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.' "   *Id.*, quoting *State v. Pryor*, 10th Dist. Franklin No. 07–AP–90, 2007–Ohio–4275, ¶ 9. (Other citation omitted.)

*Winkle v. Co*, 2d Dist. Montgomery No. 27066, 2016-Ohio-6957, ¶ 37-38.

**{¶ 24}** Here, the trial court granted Schramm a certain amount of leeway in allowing her to file her second "Answer" to Appvion's motion for summary judgment. Schramm failed to support either "Answer," however, with competent summary judgment evidence. While the second "Answer" is notarized, the documents attached are not properly authenticated pursuant to Civ.R. 56.

**{¶ 25}** As the trial court noted, Civ.R. 41(A)(1) provides that "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial * * *." The rule further provides that "[u]nless otherwise stated in the notice of dismissal * * * the dismissal is without prejudice * * *." " 'A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a "failure otherwise than upon the merits," for purposes of the savings statute.' *Wenzel v. Al Castrucci, Inc.* (June 18, 1999), Montgomery App. No. 17485, [1999 WL 397366], citing *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, paragraph two of the syllabus." *Korn v. Mackey*, 2d Dist. Montgomery No. 20727, 2005-Ohio-2768, ¶ 20.

**{¶ 26}** Further, Ohio's "savings statute," R.C. 2305.19(A), provides that in "any action that is commenced * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits * * *." R.C. 2305.17 provides: "An action is commenced within the meaning of sections 2305.03 to 2305.22 * * * by filing a petition in the office of the clerk of the proper court * * *."

**{¶ 27}** As this Court has previously noted:

In [*Zimmie v. Zimmie*, 11 Ohio St.3d 94, 464 N.E.2d 142 (1984)], the

Ohio Supreme Court stated a voluntary dismissal deprives the court of jurisdiction over the matter dismissed. Judge Brown noted at page 95 of the opinion:

It is axiomatic that such a dismissal deprives the trial court of jurisdiction over the matter dismissed. After its voluntary dismissal, an action is treated as [if] it had never been commenced. *Goldstein v. Klivans, Inc.* (App. 1931), 10 Ohio Law Abs. 133*.* Jurisdiction cannot be reclaimed by the court.

*Hamilton Die Cast, Inc. v. Brunswick Administrative Services, Inc.*, 2d Dist. Montgomery No. 10287, 1987 WL 15244, *3 (Aug. 4, 1987).

{¶ 28} There is no genuine issue of material fact that Schramm filed the complaint herein on July 30, 2015, and that the period of time for doing so expired on July 7, 2015. Her July 7, 2015 Petition/Complaint, bearing case number 08099, was stricken since that matter is to be treated as if it had never been commenced upon Schramm's Civ.R. 41(A) dismissal thereof. Since Schramm's complaint was untimely filed, the trial court correctly granted summary judgment in favor of Appvion. In other words, since Schramm filed her complaint outside of the time period provided by the savings statute, she failed to commence a new action within the meaning of the savings statute as a matter of law. *See Perkins v. Falke & Dunphy, LLC,* 2d Dist. Montgomery No. 25162, 2012-Ohio-5799, ¶ 8-9 (granting summary judgment in favor of *Falke & Dunphy, LLC,* since the Perkinses' refiling of their legal-malpractice claim occurred outside the limitations period pursuant to R.C. 2305.11(A), and while under R.C. 2305.19(A), "the Perkinses claim would still be timely if filed within one year of their voluntary dismissal of the first complaint," the

Perkinses voluntarily dismissed their first malpractice complaint on April 12, 2010 and "refiled the claim on May 3, 2011, outside of the one year period provided for in R.C 2305.19(A).")

{¶ 29} We conclude that since Appvion is entitled to summary judgment as a matter of law based upon Schramm's untimely filing, we need not address Schramm's arguments regarding the trial court's failure to recuse itself. In other words, we conclude that even if the court had recused itself, the outcome herein would have been the same in another court as a matter of law.

{¶ 30} Schramm's arguments are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Diane L. Schramm
David C. Korte
Michelle D. Bach
Joshua R. Lounsbury
Amanda Brown
Hon. Mary L. Wiseman