[Cite as *Franklin Cty. Children Servs. v. Copley*, 2022-Ohio-3406.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Franklin County Children Services,  :

        Plaintiff-Appellee,  :

                             No. 22AP-159

v.  :               (C.P.C. No. 21JU-11389)

Sarah Copley,  :          (REGULAR CALENDAR)

        Defendant-Appellant.  :

D E C I S I O N

Rendered on September 27, 2022

**On brief:** *Robert J. McClaren*, for appellee.

**On brief:** *Sarah Copley*, pro se. **Argued:** *Sarah Copley*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

DORRIAN, J.

{¶ 1} Defendant-appellant, Sarah Copley, appeals from the February 11, 2022 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch ("juvenile court"), ordering her to pay child support to plaintiff-appellee, Franklin County Children Services ("FCCS"). For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} On November 16, 2021, FCCS, as the caretaker of S.S., filed a complaint to set support against appellant. The complaint alleged appellant is the mother of S.S., a minor child. The complaint further alleged that FCCS was awarded temporary custody of S.S. on July 26, 2019 in case No. 19JU-6065. Finally, the complaint alleged that, pursuant to R.C. 3103.03, appellant has an obligation to provide support for S.S.

{¶ 3}   The complaint was initially set for a hearing on February 15, 2022 and then reassigned for a hearing on February 9, 2022 before a magistrate of the juvenile court. The record indicates that personal service of the complaint, summons, and notice of hearing on February 9, 2022 was completed upon appellant by a process server on December 8, 2021 at 3:25 p.m.

{¶ 4}   The magistrate held a hearing on February 9, 2022 and filed a decision on February 11, 2022. The decision indicates FCCS's attorney and affiant Britney Cider made an appearance at the hearing; however, there is no indication that appellant or anyone on her behalf appeared. The magistrate found that service was perfected upon appellant. The magistrate granted the complaint and set support ordering appellant to pay child support and cash medical support plus processing charges pursuant to the child support worksheet. The decision contained a notice as follows:

> NOTICE TO THE PARTIES:
> A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii) or Juv.R. 40(D)(3)(a)(ii), *unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b) or Juv.R. 40(D)(3)(b).*

(Emphasis added.) (Mag.'s Decision at 1.)

{¶ 5}   On February 11, 2022, the juvenile court judge filed a judgment entry adopting the magistrate's decision, noting the magistrate filed its decision the same day, and that copies were mailed to the parties.

## II. Assignment of Error

{¶ 6}   Appellant appeals and assigns the following single assignment of error for our review:

> The court erred on the information of father Brandon James Schlueb of child in case [S.S.] whereabouts. They stated he was incarcerated when in fact he had been released on parole.

## III. Analysis

{¶ 7}   In her brief, appellant indicates she was unable to be at the court hearing on February 11, 2022. She also indicates she is fighting for reunification with her child.

Appellant states that Schlueb has not provided for S.S. since the day she was born and that he was recently released from prison and is now on parole with the Ohio Department of Rehabilitation and Correction. Appellant states she is "asking for a reevaluation or redetermination on the father[']s income and amount required to help support [S.S.]." (Appellant's Brief at 3.)

{¶ 8} At the outset, multiple procedural issues impeded us as we consider appellant's appeal. Although appellant is representing herself, pro se litigants are held to the same standard as litigants who are represented by counsel. *Zukowski v. Brunner*, 125 Ohio St.3d 53, 2010-Ohio-1652, ¶ 8.

{¶ 9} First, appellant did not file objections to the magistrate's decision with the juvenile court. "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Civ.R. 53(D)(3)(b)(i). The rule continues to state the consequence for failing to file objections: "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv).

{¶ 10} Thus, "[o]n appeal, any party that failed to object to the magistrate's decision before the trial court cannot raise objections before the appellate court except to assert that plain error is evident in the trial court's decision." *Davis v. Davis*, 10th Dist. No. 17AP-664, 2018-Ohio-3180, ¶ 9. "By not demonstrating plain error, the party forfeits all arguments against the trial court's decision on appeal." *Id.* at ¶ 11. On that basis alone, an appellate court may overrule the assignments of error and affirm the trial court judgment. *Id.* at ¶ 11-12.

{¶ 11} Here, like in *Davis*, appellant did not file objections to the magistrate's decision and, on appeal, did not argue plain error. Therefore, appellant's assignment of error is overruled on that basis.

{¶ 12} In addition to the lack of objections and failure to argue plain error, the record lacks a transcript of the hearing before the magistrate. A party that disagrees with a

magistrate's finding of fact must support an objection to the trial court with a "transcript of all the [relevant] evidence submitted to the magistrate" (or an affidavit of the same if the transcript is not available) and then ensure the transcript or affidavit is included in the appellate record for review. Civ.R. 53(D)(3)(b)(iii) and App.R. 9(B)(1). "Absent a transcript, [we] must presume the regularity of the proceedings below and affirm the trial court's decision." *Lee v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("The duty to provide a transcript for appellate review falls upon the appellant.").

{¶ 13} Here, appellant states the juvenile court erred because Schlueb was no longer incarcerated at the time of the hearing. Without a transcript before us, we are unable to review the evidence before the magistrate as to appellant's statement. Accordingly, appellant's assignment of error is overruled on that basis as well.

{¶ 14} Appellant seeks a modification of the support order that was issued in this case. Unfortunately, due to the procedural improprieties noted above, she cannot achieve the same by way of appeal.

## IV. Conclusion

{¶ 15} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

KLATT and JAMISON, JJ., concur.

_____