[Cite as *State v. Dodson*, 2023-Ohio-4296.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 22AP-343 |
| v. | : | (C.P.C. No. 90CR-5725) |
| Ricardo Dodson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 28, 2023

[*Janet Grubb*, First Assistant Prosecuting Attorney], and *Taylor M. Mick*, for appellee.

*Ricardo Dodson*, pro se.

ON MOTION FOR LEAVE TO FILE DELAYED APPEAL

BOGGS, J.

{¶ 1} Defendant-appellant, Ricardo Dodson ("Dodson"), has filed pursuant to App.R. 5(A) a motion for leave to appeal. Dodson seeks leave to appeal the Franklin County Court of Common Pleas denial of a motion to record and journalize the jury verdicts rendered on Dodson's kidnapping counts. Plaintiff-appellee, State of Ohio, has filed a response, opposing Dodson's motion. Because Dodson has not provided a reasonable explanation for the delay in filing his appeal and this court has already spoken on this matter, the motion is denied.

{¶ 2} App.R. 4(A) grants parties an appeal of right within 30 days of a final order. App.R. 5(A) allows a defendant to file a motion for leave to file a delayed appeal after the expiration of the 30-day period provided by App.R. 4(A). Such a motion must set forth the reasons for the defendant's failure to perfect an appeal as of right. "The defendant has the burden of 'demonstrating a reasonable explanation of the basis for failure to perfect a timely

appeal.' " *State v. Morris*, 10th Dist. No. 05AP-1139, 2005-Ohio-6479, ¶ 3, quoting *State v. Cromlish*, 10th Dist. No. 94APA06-855 (Sept. 1, 1994). "Lack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief." *State v. Reddick*, 72 Ohio St.3d 88, 91 (1995). The decision to grant or deny a motion for leave to file a delayed appeal, pursuant to App.R. 5(A), rests within the appellate court's sound discretion. *State v. Morris*, 10th Dist. No. 05AP-1139, 2005-Ohio-6479.

{¶ 3} We have previously recounted the history of Dodson's relevant appeals as follows:

> On May 23, 2022, Dodson filed notices of appeal of the Franklin County Court of Common Pleas April 19, 2022 order denying his "Motion Requesting, Pursuant to R.C. §2945.78 to Record and Journalize the Kidnaping Jury Verdict's [sic] that found Defendant not guilty of First Degree Kidnapping Counts Based on Jury Finding that Defendant Released the Victim in a Safe Place Unharmed." The last date for a timely appeal from that order was May 19, 2022. Appellant's appeals were assigned case Nos. 22AP-297 and 22AP-299, and this court consolidated the appeals on May 24, 2022. This court dismissed the appeals as untimely and denied appellant's motion for reconsideration.

*State v. Dodson*, 10th Dist. No. 22AP-342, 2023-Ohio-1341, ¶ 4.

{¶ 4} Dodson filed this motion for leave to file a delayed appeal on June 14, 2022. He also filed an identical motion for leave to file a delayed appeal on the same day in case No. 22AP-342, which this court denied in a decision and then denied a motion for reconsideration. *Id.* We similarly deny Dodson's duplicative motion for leave to file a delayed appeal in this proceeding. As we noted in our decision for his identical motion:

> [Dodson] asserts that his original notice of appeal was in fact timely "because the Court received the notice by way of certified registered mail and signed the receipt on May 16, 2022." (Mot. at 3.) Citing *Kloos v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 87AP-1215, 1988 Ohio App. LEXIS 1744 (May 3, 1988), Dodson argues the seven-day lapse between the date of receipt and docketing "should not act as a basis upon which to bar appellant's claims and thereby prejudice him." (Mot. at 3.) However, *Kloos* found the certified-mail receipt date was controlling only when it was *apparent* that the filing had been

received days before it was docketed by the court. That is not the case here.

While Dodson points this court to a signed certified registered mail receipt dated May 17, 2022, it is not apparent that is the correct receipt for his motion for leave to file a delayed appeal. Appellant also submits a computer printout of tracking information for an item delivered on May 16, 2022, but the printout lacks any indication of the sender, recipient, or contents of the tracked item. Further, the tracking number for the May 16, 2022 delivery does not match the tracking number on certified mail receipt attached to Dodson's motion.

Dodson offers no other explanation for the failure to file a timely appeal, but rests his claim solely on alleged, but not apparent, delay by the Clerk's office. Upon consideration of the grounds asserted, we find Dodson has not set forth a sufficient reason for the failure to file a timely notice of appeal. Accordingly, Dodson's motion for leave to file a delayed appeal is denied.

(Emphasis sic.) *Id*. at ¶ 5-7.

{¶ 5} Dodson makes the same arguments in his motion for leave to file a delayed appeal which is now before us, and they are thus barred by res judicata. "Res judicata applies to bar raising piecemeal claims in successive motions filed after the defendant is convicted." *State v. Battin*, 10th Dist. No. 18AP-888, 2019-Ohio-2195, ¶ 13. "Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268 (1925).

{¶ 6} Accordingly, Dodson's motion for leave to file a delayed appeal is denied.

*Motion for leave to file delayed appeal denied.*

BEATTY BLUNT, P.J. and JAMISON, J., concur.

————————————————