[Cite as *In re Guardianship of P.S.*, 2024-Ohio-1310.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE: GUARDIANSHIP OF P. S.

C.A. No.     23AP0031

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2016 PB-G 000814

DECISION AND JOURNAL ENTRY

Dated: Aril 8, 2024

STEVENSON, Presiding Judge.

**{¶1}** Appellant Brittany Smith appeals from the judgment of the Wayne County Probate Court dismissing her application to be appointed guardian of P.S. ("Ward")  For the reasons set forth below, this Court affirms.

I.

**{¶2}** Ms. Smith is Ward's daughter. Due to long-standing mental health issues, Ward has had a court-appointed guardian since 1999. The trial court has appointed different guardians for Ward over the years, including Ms. Smith who served as Ward's guardian from 2013 until her 2015 removal. Ward's current guardian is Janesa Furbee, who was appointed in September 2022.

**{¶3}** Ms. Smith filed a pro se application to be appointed Ward's guardian in June 2023. Ms. Smith requested in her application that Janesa Furbee be removed as guardian and that she be appointed as guardian of Ward.

{¶4}    The trial court dismissed Ms. Smith's application. In dismissing Ms. Smith's application, the trial court found "that a guardian is already appointed for Ms. Smith and there has been no showing by the applicant that the current guardian warrants removal under the law."  Ms. Smith appeals the trial court's judgment entry, asserting five assignments of error for our review.

II.

**FIRST ASSIGNMENT OF ERROR:**

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ALLOWING WARD TO STAY IN A FACILITY WHERE WARD WAS BEING ABUSED ON NUMEROUS OCCASIONS.**

**SECOND ASSIGNMENT OF ERROR:**

**THE TRIAL COURT ERRED AND ABUSED IT[]S DISCRETION BY ALLOWING FIRST GUARDIAN TO GOVERN OVER WARD WHEN CLEAR SIGN[]S OF ABUSE WAS PRESENTED TO THE COURT.**

**THIRD ASSIGNMENT OF ERROR:**

**THE TRIAL COURT ERRED AND ABUSED IT[]S DISCRETION WHEN LOWER COURTS[][] USED ERRONEOUS AND BIASED DISCRETION NOT TO RELEASE WARD TO FAMILY TO GET PROPER MENTAL AND PHYSICAL HELP.**

**FOURTH ERROR OF (SIC) ASSIGNMENT:**

**THE TRIAL COURT ERRED AND ABUSED IT[]S DISCRETION WHEN ASSIGNED WARD FOUR DIFFERENT GUARDIAN[]S IN TWO YEARS.**

**FIFTH ERROR OF (SIC) ASSIGNMENT**

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN MOVING WARD TO FIVE DIFFERENT FACILITIES IN NINE MONTH[]S.**

{¶5}    Ms. Smith argues in her assignments of error that the trial court abused its discretion by allowing Ward to stay in a facility where she was allegedly abused, by allowing the "first guardian" to govern over Ward, by failing to release Ward to family, by placing four different

guardians for Ward in two years, and by allegedly moving Ward to five different facilities in nine months. We will address Ms. Smith's assignments of error together for ease of review.

{¶6} Ms. Smith is a pro se litigant. While this Court is sympathetic to pro se litigants, they are still held to the same standard as attorneys admitted to the practice of law. *Zukowski v. Brunner*, 125 Ohio St.3d 53, 2010-Ohio-1652, ¶ 8. This Court has repeatedly noted that:

> pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that [s]he remains subject to the same rules and procedures to which represented litigants are bound. [She] is not given greater rights than represented parties, and must bear the consequences of [her] mistakes. This Court, therefore, must hold Appellants to the same standard as any represented party.

(Citations omitted.) *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3; *First Communications, L.L.C. v. Helms*, 9th Dist. Summit No. 28174, 2016-Ohio-7586, ¶ 6; *Heller v. US Bank, N.A.*, 9th Dist. Summit No. 25493, 2011-Ohio-1514, ¶ 10.

{¶7} The arguments raised in Ms. Smith's assignments of error do not comply with the required appellate rules. App.R. 16(A)(7) provides, in relevant part, that the appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Ms. Smith's arguments, presented under each assignment of error, consist of a single sentence or paragraph. Ms. Smith does not cite a single authority or cite to any specific portion of the record in support of any of her assignments of error.

{¶8} "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 13, quoting *State v. Watson*, 9th Dist. Summit No.

24232, 2009-Ohio-330, ¶ 5. "Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error, even if one exists." *King* at ¶ 13, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶9}  Ms. Smith has failed to develop an argument and support her position. Ms. Smith has not demonstrated error on appeal regarding the trial court's judgment dismissing her application to be appointed as guardian of the Ward and this Court will not develop an argument on her behalf. Ms. Smith's assignments of error are, accordingly, overruled.

III.

{¶10}  For the reasons stated above, Ms. Smith's assignments of error are overruled. The judgment of the Wayne County Probate Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

SUTTON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

BRITTANY SMITH, pro se, Appellant.