[Cite as *Oshoba-Williams v. Oshoba-Williams*, 2022-Ohio-1826.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Esther Oshoba-Williams,                   :

        Plaintiff-Appellee,            :           No. 21AP-517
                                                                (C.P.C. No. 18DR-365)
v.                                         :

Rufus Oshoba-Williams,                     :           (REGULAR CALENDAR)

        Defendant-Appellant.           :

D E C I S I O N

Rendered on May 31, 2022

**On brief:** *Rufus Oshoba-Williams*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

SADLER, J.

{¶ 1} Defendant-appellant, Rufus Oshoba-Williams, appeals a judgment entered by the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, adopting a magistrate's decision that granted the motion to modify child support filed by plaintiff-appellee, Esther Oshoba-Williams. For the following reasons, we affirm the trial court judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The parties divorced in early 2019, and the trial court issued a shared parenting decree on February 22, 2019. On May 17, 2021, appellee filed a "Motion to Modif[y]" requesting the trial court intervene regarding $1,400 in federal stimulus money appellee contended appellant received. (May 27, 2021 Mot. at 1.) A hearing on the matter was held before a magistrate on September 15, 2021. Despite being notified of the hearing, appellant failed to appear.

{¶ 3} By decision dated September 30, 2021, the magistrate recommended granting appellee's motion and ordering appellant to deposit $1,400 into the child's 529 account or provide the funds to appellee to deposit. The magistrate noted appellee was the designated school placement parent, and appellant had been ordered to pay child support and granted leave to claim the child related tax benefit in odd years so long as he complied with all child support. Furthermore, the magistrate stated that, following an administrative review, the Franklin County CSEA modified appellant's support obligation and found appellant had an arrearage that needed to be liquidated. Finally, the magistrate found appellant received a stimulus check in the amount of $1,400. The magistrate decision indicates the decision was "[b]ased on the uncontroverted testimony presented by [appellee]" and that a record of the hearing was made via the recording system in the courtroom. (Mag. Dec. at 2.) The decision includes a notice, in bold, that a party cannot assign as error on appeal the trial court's adoption of any factual finding or legal conclusion unless the party timely and specifically objects to that finding or conclusion as required by Civ.R. 53(D)(3)(b) and Juv.R. 40(D)(3)(b).

{¶ 4} On October 6, 2021, the trial court entered judgment finding no error of law or other defect on the face of the magistrate's decision and adopting the magistrate's decision.[1] Within its judgment entry, the trial court stated that appellant was served and notified of the hearing but failed to appear. Appellant did not file objections to the magistrate's decision and, instead, filed the instant appeal.

## II. ASSIGNMENT OF ERROR

{¶ 5} Appellant assigns one assignment of error for review:

> The trial court erred and abused its discretion in dismissing the
> fact that plaintiff did not present any proof of evidence.

## III. ANALYSIS

{¶ 6} In his assignment of error, appellant asserts the trial court erred by granting judgment to appellee "without any evidence to support the [appellee's] claims."

---

[1] It is our opinion the judgment entry appealed is a final, rather than interim order. While the judgment entry includes Civ.R. 53(D)(4)(e)(ii) language discussing justification for immediate relief and the potential that the entry would serve as an interim order "[s]hould a party file timely objections to the magistrate's decision," the entry indicates, "(Check if applicable)" immediately prior to that Civ.R. 53(D)(4)(e)(ii) language and no check mark is visible. (Jgmt. Entry at 1.) We further note the court disposition sheet indicates the judgment is a final appealable order.

(Appellant's Brief at 3.) Appellant admits he did not attend the hearing but does not challenge service of the hearing notice; rather, he states he had the date for the hearing "mixed up." (Appellant's Brief at 1.) Overall, appellant asks this court to reverse the trial court judgment and remand the matter to the trial court with instructions "to hear this matter on its merits." (Appellant's Brief at 3.)

{¶ 7} At the outset, multiple procedural issues encumber appellant's appeal. Although appellant proceeds pro se, pro se litigants are held to the same standard as litigants who are represented by counsel. *Zukowski v. Brunner*, 125 Ohio St.3d 53, 2010-Ohio-1652, ¶ 8.

{¶ 8} First, appellant did not file objections to the magistrate's decision with the trial court. "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."[2] Civ.R. 53(D)(3)(b)(i). The rule continues to state the consequence for failing to file objections: "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv).

{¶ 9} Thus, "[o]n appeal, any party that failed to object to the magistrate's decision before the trial court cannot raise objections before the appellate court except to assert that plain error is evident in the trial court's decision." *Davis v. Davis*, 10th Dist. No. 17AP-664, 2018-Ohio-3180, ¶ 9. "By not demonstrating plain error, the party forfeits all arguments against the trial court's decision on appeal." *Id*. at 11. On that basis alone, an appellate court may overrule the assignments of error and affirm the trial court judgment. *Id*. at ¶ 11-12.

{¶ 10} Here, like in *Davis*, appellant did not file objections to the magistrate's decision and, on appeal, neither acknowledged the lack of objections nor argued plain error. Therefore, appellant's assignment of error is overruled on that basis.

---

[2] Under Civ.R. 53(D)(4)(e)(i), pertinent to the facts here, a "court may enter a judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired."

{¶ 11} In addition to the lack of objections and failure to argue plain error, the record lacks a transcript of the hearing before the magistrate. A party that disagrees with a magistrate's finding of fact must support an objection to the trial court with a "transcript of all the [relevant] evidence submitted to the magistrate" (or an affidavit of the same if the transcript is not available) and then ensure the transcript or affidavit is included in the appellate record for review. Civ.R. 53(D)(3)(b)(iii) and App.R. 9(B)(1). "Absent a transcript, [we] must presume the regularity of the proceedings below and affirm the trial court's decision." *Lee v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 10. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("The duty to provide a transcript for appellate review falls upon the appellant."). *Mazanex v. Marinkovic*, 9th Dist. No. 21CA0042-M, 2022-Ohio-1085, ¶ 4-10 (overruling assignments of error, including assertion of error in trial court's interpretation of parties' agreement, based on the lack of transcript under App.R. 9(B)(1)).

{¶ 12} Here, appellant essentially contends the trial court erred in adopting the magistrate's decision where no evidence or "proof" was presented that he (and not appellee) received the stimulus check. (Appellant's Brief at 3.) However, appellee apparently testified at the hearing, and we note that, in general, a party may seek to prove its case through testimony of a witness with personal knowledge. *See* Evid.R. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."). Without a transcript, we cannot say such testimony was insufficient to establish appellant received the stimulus check and we presume regularity of the proceedings. *Lee* at ¶ 10.

{¶ 13} Accordingly, appellant's assignment of error is overruled.

IV. **CONCLUSION**

{¶ 14} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

NELSON, J., concurs.
JAMISON, J., concurs in judgment only.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____