[Cite as *Schmaltz v. Wahlberg*, 2023-Ohio-4293.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shane Schmaltz, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 22AP-783 |
| | | (M.C. No. 2022 CVI 025626 ) |
| Mark Wahlberg Chevrolet of Worthington, Ohio, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 28, 2023

**On brief:** *Shane Schmaltz*, pro se.

**On brief:** *Luther Liggett, Jr.*, for appellee.

APPEAL from the Franklin County Municipal Court

BOGGS, J.

{¶ 1} Plaintiff-appellant, Shane Schmaltz, appeals the judgment of the Franklin County Municipal Court, Small Claims Division, in favor of defendant-appellee, Mark Wahlberg Chevrolet of Worthington, Ohio, on Schmaltz's claim for breach of contract. For the following reasons, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} On August 16, 2022, Schmaltz filed a pro se complaint against Mark Wahlberg Chevrolet of Worthington (the "dealership") in the Franklin County Municipal Court, Small Claims Division, seeking a judgment in the amount of $5,552.56. Schmaltz claims he incurred these damages as a result of an unconsummated manufacturer's suggested retail price ("MSRP") "swap" of his recalled Chevrolet Bolt for another vehicle. (Aug. 16, 2022 Compl.) Schmaltz allegedly gave the dealership a $1,000 deposit on a truck that he wanted to receive as part of an "MSRP swap" that he was "trying to do" with General

Motors ("GM"). However, according to Schmaltz, the dealership "stopped responding" to GM, "made me wait 2 months on [the] truck," and then "backed out" of the deal. (Aug. 16, 2022 Compl.)

**{¶ 3}** A summons and copy of Schmaltz's complaint was delivered to the dealership at its physical business address—700 E. Dublin Granville Rd. in Columbus—via certified mail on August 17, 2022. The summons included notification that a trial would be held before a magistrate on September 20, 2022.

**{¶ 4}** When only Schmaltz appeared before the trial court on September 20, 2022, the magistrate told him that, to obtain valid service on the dealership, Schmaltz needed to serve the dealership's statutory agent, as registered with the Ohio Secretary of State. (Sept. 20, 2022 Tr. at 2-3.) The magistrate continued the case until October 26, 2022, to give Schmaltz time to do so. The following day, Schmaltz requested service by certified mail on the dealership's statutory agent, but the trial court's docket indicates that service was unsuccessful.

**{¶ 5}** On October 26, 2022, however, both Schmaltz and Shawn Loibman, an employee of the dealership, appeared for trial, and Loibman executed a waiver of service of process form, purportedly on behalf of the dealership. In response to questioning from the magistrate, Schmaltz expounded on the basis for his claim. He stated that he owned a Chevrolet Bolt that had been recalled and that "the manufacturer, GM, was offering to do a swap from one car to another." (Oct. 26, 2022 Tr. at 3.) He explained, "GM was going to offer to buy [the recalled Bolt] at MSRP and then put my $8,000 cash rebate that I got [on the purchase of the Bolt] towards the truck" he picked out from the dealership. *Id.* at 4. He stated that he gave the dealership a $1,000 deposit on a truck that the dealership had not yet received on the sales lot. Schmaltz claimed that he then waited two months with no communication from the dealership: "They never contacted me, let me know that [the swap] wasn't going to go through." *Id.* at 4. He stated, however, that he received two voicemail messages from the dealership congratulating him on his purchase of a new truck.[1] Schmaltz ultimately recovered his $1,000 deposit by disputing the charge with his credit card company, and he directly sold the recalled Bolt to GM.

[1] Schmaltz played the voicemails for the magistrate at the December 6, 2022 hearing, but the content of those messages was not transcribed. The dealership's counsel characterized the messages as "quality assurance and follow up" calls. (Dec. 6, 2022 Tr. at 24.)

**{¶ 6}** Loibman explained to the magistrate that he is the dealership's general manager, that Schmaltz's $1,000 deposit was simply to hold the vehicle once it arrived at the dealership, and that the dealership's understanding was that Schmaltz intended to purchase the vehicle. He disputed that the dealership agreed to participate in an MSRP swap. Because Loibman was not an attorney, however, the magistrate told him that he could not represent the dealership or present evidence. The magistrate therefore continued the case until December 6, 2022, to allow the dealership to appear with legal counsel.

**{¶ 7}** Before the conclusion of the October 26, 2022 hearing, Schmaltz orally moved for a default judgment, stating that the dealership had been served prior to the September 2022 hearing, "and no one from the dealership showed up." *Id*. at 10. The magistrate denied Schmaltz's motion, rejecting his argument that the dealership had been validly served prior to the September hearing.

**{¶ 8}** The dealership, through counsel, filed an answer to Schmaltz's complaint on November 1, 2022. Among the affirmative defenses the dealership raised were failure to state a claim upon which relief could be granted and failure to join a necessary party.

**{¶ 9}** On December 6, 2022, Schmaltz appeared pro se and the dealership appeared through counsel for trial before the magistrate. Schmaltz again moved for default judgment, reiterating his contention that the dealership was in default at the time of the September 20, 2022 hearing, but the magistrate again denied his motion. Contrary to his prior admonitions to Schmaltz, the magistrate conceded, "Yes * * * [o]ne of the ways to get service of process is by a princip[al] place of business," but he continued, "that doesn't mean you necessarily prevail automatically. It's not a game of musical chairs, gotcha, you got a judgment against you." (Dec. 6, 2022 Tr. at 5.) The magistrate stated, "I wanted the case to be heard on its merits and that's why we're here today." *Id*.

**{¶ 10}** The dealership orally moved the magistrate to dismiss Schmaltz's case for failure to state a claim upon which relief could be granted, and for failure to name the proper defendant. Counsel for the dealership argued that there was no contract between Schmaltz and the dealership and that, to the extent any contract existed, it was between Schmaltz and GM, for the buyback of Schmaltz's Chevrolet Bolt. Schmaltz, on the other hand, responded that there was a contract between himself and the dealership, that the dealership breached the contract, "and I'm just asking for the damages from them breaking

the contract." *Id.* at 6. Noting a "factual dispute," the magistrate asked Schmaltz to present his evidence regarding the existence of a contract and stated that it would then revisit the dealership's motion to dismiss. *Id.*

{¶ 11} When asked for his contract with the dealership, Schmaltz submitted to the court a non-refundable deposit agreement, dated January 21, 2022 and signed by Schmaltz and a representative of the dealership, which indicates that Schmaltz paid a $1,000 deposit toward the purchase of an unidentified "product," which Schmaltz claims was a specific Chevrolet Colorado truck. (Dec. 6 2022 Pl.'s Ex. A.) Schmaltz claims that the salesperson identified on the deposit agreement knew that Schmaltz was going to be doing an MSRP swap and a collateral substitution on his existing loan because Schmaltz had refused the salesperson's offer of "some loans if I wanted to try to get a truck now." He stated, "I said, No, I have got a zero percent interest right now * * * I want to stay in there. I want to do the collateral swap." (Dec. 6, 2022 Tr. at 18.) The dealership admitted that Schmaltz paid $1,000 to reserve a truck which was not yet on the lot, but it argued that the deposit agreement was not a purchase agreement.

{¶ 12} Schmaltz claims that the dealership "broke the contract" on February 13, 2022, when it advertised the truck being held by his deposit. *Id.* at 8. Schmaltz submitted to the magistrate a printout from Chevrolet's website, dated January 21, 2022, that purports to show the vehicle that Schmaltz put a deposit on in transit to the dealership with a list price of $38,190. He also submitted a printout of what he purports to be a screenshot of his cellphone from January 22, 2022, which he claims shows a "Final Price" of $36,440 for the same vehicle on the dealership's website. Schmaltz testified, "I believe that shows they dropped the price because then we were going to be doing the swap." *Id.* at 17.

{¶ 13} Schmaltz ultimately sold his recalled Bolt back to GM directly for $33,262.44.[2] He claims he was damaged by the failure of the MSRP swap because he lost the value of a rebate (approximately $8,000) he had received on the purchase of the Bolt, which he claims would have applied toward the swapped vehicle as well.

{¶ 14} The dealership's attorney argued that the dealership never agreed to a vehicle swap and that there was no contract between the dealership and Schmaltz. Counsel further

---

[2] This amount represents a base price of $38,530, document fee of $250, registration/license/title fees of $35, and sales tax of $2,714.60, minus the rebate amount of $8,267.16. (Dec. 6, 2022 Pl.'s Ex. D.)

argued that Schmaltz received the full value of his Bolt from GM and recovered the full value of his deposit with the dealership, "so he has no actual loss." *Id.* at 25.

{¶ 15} The magistrate summarized, "All I have got is a deposit for $1,000, but nothing to show me that [the dealership] breached anything or [did] not compl[y] with something." *Id.* at 22. Later, he stated:

> I have seen based on the evidence presented, nothing between you and [the dealership] showing that [the dealership] didn't fulfill [the] terms of a contract. * * * The only thing I have really here is a thousand dollar deposit to [the dealership] * * * that you were reimbursed[.] * * * It sounds like nothing was finalized, because all we have here is a deposit. There was no signing of paperwork, no transfer of title, nothing to show * * * anything other [than that the] parties were still in a state of carrying out the transaction and it fell apart, not necessarily through anything [the dealership did].
>
> So I don't see * * * any breach of contract on [the dealership's] part. * * * So based on that, I'm going to grant [the dealership's] motion and rule in favor of the defendant.

*Id.* at 30-31.

{¶ 16} The magistrate's written decision states that the dealership's "motion [to dismiss] for failure to state a claim upon which relief can be granted is sustained. [Schmaltz] failed to prove [his] case by a preponderance of the evidence. No breach of contract was proven. Case dismissed with prejudice." (Dec. 8, 2022 Mag.'s Decision.) The decision informed the parties: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law contained in this decision unless the party timely and specifically objects to that finding or conclusion. Civ. R. 53(D)(3)." *Id.*

{¶ 17} Schmaltz did not file objections to the magistrate's decision, which the trial court adopted as its own. The judgment entry states, "Judgment for defendant on the complaint; case dismissed with prejudice at plaintiff's costs." (Dec. 8, 2022 Jgmt. Entry.)

{¶ 18} Schmaltz has filed a timely notice of appeal, and he raises three assignments of error:

> [1.] The small claims court lied about where the defendant could be served at.

[2.] The small claims court failed to provide a default judgement due to the defendant not showing up to the first hearing.

[3.] The small claims court erred and abused its discretion in dismissing appellant's action.

## II. ANALYSIS

{¶ 19} For ease of analysis, we address Schmaltz's assignments of error out of order, beginning with the third assignment of error, which states that the trial court erred by dismissing Schmaltz's complaint and entering judgment for the dealership.

{¶ 20} First, it is not entirely clear whether the trial court intended to grant the dealership's motion to dismiss for failure to state a claim upon which relief could be granted or whether it intended to enter judgment for the dealership because Schmaltz failed to prove his claims. Although the magistrate's decision says the dealership's "motion [to dismiss] for failure to state a claim upon which relief can be granted is sustained," it goes on to say that Schmaltz "failed to prove [his] case by a preponderance of the evidence" and that "[n]o breach of contract was proven." (Dec. 8, 2022 Mag.'s Decision.) In any case, the magistrate clearly found that Schmaltz failed to establish a breach of contract. At the conclusion of the December 6, 2022 hearing, the magistrate stated, "I have seen * * * nothing between you and [the dealership] showing that [the dealership] didn't fulfill the terms of a contract." (Dec. 6, 2022 Tr. at 30.) The magistrate explained, "It sounds like nothing was finalized, because all we have here is a deposit." *Id*. at 31.

{¶ 21} Fatal to Schmaltz's third assignment of error is the fact that Schmaltz did not file objections to the magistrate's decision in the trial court. "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Civ.R. 53(D)(3)(b)(i). The consequences for failing to file objections are stated in Civ.R. 53(D)(3)(b)(iv): "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶ 22} This court has explained:

> "[o]n appeal, any party that failed to object to the magistrate's decision before the trial court cannot raise objections before the appellate court except to assert that plain error is evident in the trial court's decision." *Davis v. Davis*, 10th Dist. No. 17AP-664, 2018-Ohio-3180, ¶ 9. "By not demonstrating plain error, the party forfeits all arguments against the trial court's decision on appeal." *Id.* at ¶ 11. On that basis alone, an appellate court may overrule the assignments of error and affirm the trial court judgment. *Id.* at ¶ 11-12.

*Oshoba-Williams v. Oshoba-Williams*, 10th Dist. No. 21AP-517, 2022-Ohio-1826, ¶ 9. The plain error doctrine addresses errors that are clearly apparent on the face of the record and are prejudicial to the appellant. *Skydive Columbus Ohio, LLC v. Litter*, 10th Dist. No. 09AP-563, 2010-Ohio-3325, ¶ 13, citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223 (1985).

{¶ 23} In *Oshoba-Williams*, this court overruled the appellant's assignment of error because "appellant did not file objections to the magistrate's decision and, on appeal, neither acknowledged the lack of objections nor argued plain error." *Id.* at ¶ 10. Similarly here, Schmaltz does not acknowledge his failure to file objections to the magistrate's decision granting the dealership's motion to dismiss, nor has he argued the existence of plain error. We must therefore likewise overrule Schmaltz's third assignment of error.

{¶ 24} We now turn to Schmaltz's first and second assignments of error, which concern the trial court's denial of his oral motions for default judgment, and we address those assignments of error together.

{¶ 25} We generally review a trial court's decision to grant or deny a motion for default judgment for abuse of discretion. *Lopez v. Quezada*, 10th Dist. No. 13AP-389, 2014-Ohio-367, ¶ 11, citing *Bank of Am., N.A. v. Malone*, 10th Dist. No. 11AP-860, 2012-Ohio-3585, ¶ 18. An abuse of discretion implies that the trial court has acted in an unreasonable, unconscionable, or arbitrary manner. *Recovery Funding, LLC v. Spiers*, 10th Dist. No. 19AP-274, 2020-Ohio-364, ¶ 20. Here, however, Schmaltz arguably could have raised his arguments regarding the trial court's denial of his motions for default judgment in objections to the magistrate's decision, which would limit our review to a review for plain error. Whether we apply a plain error standard or an abuse of discretion standard, however, we must overrule Schmaltz's first and second assignments of error.

{¶ 26} Under Civ.R. 55(A), when a party against whom judgment is sought fails to plead or otherwise defend, the opposing party may move for a default judgment. A default judgment is proper against an unresponsive defendant because, by not refuting allegations that state a claim against the defendant, " 'liability has been admitted or "confessed." ' " *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986), quoting *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist.1981). A defendant's failure to deny specific, factual allegations in a complaint constitutes an admission of those allegations, which "is equivalent to proof of the fact[s] admitted." *Lopez* at ¶ 12.

{¶ 27} Schmaltz maintains that he was entitled to a default judgment against the dealership because, despite being properly served with process, the dealership failed to appear for the September 2022 hearing. At the October 26, 2022 hearing, the magistrate rejected Schmaltz's argument that the dealership had been validly served, stating that the summons was not delivered to the dealership's statutory agent. At the December 6, 2022 hearing, however, the magistrate conceded that the dealership could have been validly served at its place of business, rather than through its statutory agent, *see* Civ.R. 4.2(G), but it nevertheless denied Schmaltz's motion for default judgment in order to hear the matter on the merits.

{¶ 28} In accordance with Civ.R. 4.1(A)(1)(a) and 4.2(G), we agree with Schmaltz that valid service on the dealership was accomplished by certified mail to the dealership's physical business address prior to the September 2022 hearing, but we discern neither plain error nor an abuse of discretion in the magistrate's denial of Schmaltz's motions to dismiss, on either October 26 or December 6, 2022.

{¶ 29} A default judgment is not a favored resolution of a claim because it is not an adjudication on the merits. *New v. All Transp. Solution, Inc.*, 177 Ohio App.3d 620, 2008-Ohio-3949, ¶ 14 (10th Dist.). " 'When a party answers out of rule but before a default [judgment] is entered, if the answer is good in form and substance, a default should not be entered.' " *Washington v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-830, 2020-Ohio-3385, ¶ 14, quoting *Fowler v. Coleman*, 10th Dist. No. 99AP-319, 1999 Ohio App. LEXIS 6480, *10 (Dec. 28, 1999). That is the scenario that played out here. The dealership filed an answer, albeit out of rule, on November 1, 2022, before a default judgment had been entered.

{¶ 30} Moreover, because the underlying rationale for default judgment is that the defaulting party has admitted the facts the plaintiff has alleged, the propriety of default judgment "presupposes that the plaintiff pleaded sufficient facts to support its claims." *Lopez* at ¶ 13. " 'A plaintiff still needs to allege a valid claim in order to prevail, even against a neglectful defendant.' " *Id.*, quoting *Beach Body Tanning, Inc. v. Kovach*, 8th Dist. No. 85142, 2005-Ohio-2629, ¶ 26. When a plaintiff has failed to state a claim upon which relief could be granted, default judgment on that claim is improper. *Id.*

{¶ 31} Schmaltz clarified during the various hearings that he was asserting a claim for breach of contract. On December 6, 2022, for example, he stated, "there was a contract between me and the dealership," and "[t]hey broke that contract." (Dec. 6, 2022 Tr. at 5-6.) The elements of a breach of contract claim are (1) the existence of a contract, (2) the failure without excuse of the other party to perform when performance is due, and (3) damages or loss resulting from the breach. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, ¶ 41.

{¶ 32} Schmaltz's complaint stated in total:

> I was trying to do a[n] MSRP swap with GM due to my recalled Bolt. I put $1,000 deposit so that I could lock the truck in. They lowered the price on their website and I got 2 voicemails thanking me for my purchase. I thought GM was handling everything but the dealership stopped responding to them. They made me wait 2 months on a truck I put money deposit but backed out. Requesting $5,552.56 which is the difference of rebate on swap and the taxes I wouldn[']t have been refunded if it went through.

(Aug. 16, 2022 Compl.) Schmaltz's complaint does not allege the existence of a contract between the dealership and himself relating to the vehicle swap he wanted to accomplish. Instead, the complaint states that Schmaltz was "*trying to*" participate in an MSRP swap of his recalled vehicle *with GM*, whom he thought "was handling everything." (Emphasis added.) (Aug. 16, 2022 Compl.) There is no allegation that Schmaltz executed a purchase agreement or an agreement with the dealership to swap his recalled vehicle for that truck. At best, the complaint alleges that the dealership did not provide Schmaltz with the truck upon which he placed a deposit, but there are no allegations to suggest that the dealership was required to do so in the absence of a purchase agreement or payment by Schmaltz. Thus, even assuming the dealership admitted the factual allegations in Schmaltz's

complaint by not timely filing an answer, those admitted facts do not give rise to liability for breach of contract.

{¶ 33} As we stated in relation to Schmaltz's third assignment of error, Schmaltz may challenge only for plain error the magistrate's finding that his complaint failed to state a claim upon which relief can be granted, and he has failed to do so here. Having affirmed the trial court's judgment granting the dealership's motion to dismiss for failure to state a claim upon which relief could be granted, Schmaltz cannot establish error—plain or otherwise—based on the denial of his motions for default judgment. We therefore overrule Schmaltz's first and second assignments of error.

## III.  CONCLUSION

{¶ 34} For these reasons, we overrule Schmaltz's three assignments of error and affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

LELAND, J., concurs.
JAMISON, J., concurs in judgment only.

JAMISON, J., concurring.

{¶ 35} Because I believe the plain error standard of review applies to all assignments of error and the majority decision applies abuse of discretion to assignment of error two, I write separately.  I concur with the judgment in the majority decision as to appellant's first and third assignment of error.  However, because the majority decision applies the abuse of discretion standard in overruling appellant's second assignment of error, I concur in judgment only as to this assignment of error.

{¶ 36} The majority concedes that appellant could have filed an objection in the trial court challenging the magistrate's denial of his motion for default judgment but failed to do so. Civ.R. 53(D)(3)(b)(iv) provides that "[e]*xcept for a claim of plain error*, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." (Emphasis added.)

{¶ 37} "On appeal, any party that failed to object to the magistrate's decision before the trial court cannot raise objections before the appellate court except to assert that plain

error is evident in the trial court's decision." *Davis v. Davis*, 10th Dist. No. 17AP-664, 2018-Ohio-3180, ¶ 9. Furthermore, "[b]y not demonstrating plain error, the party forfeits all arguments against the trial court's decision on appeal." *Oshoba-Willimas v. Oshoba-Williams*, 10th Dist. No. 21AP-517, 2022-Ohio-1826, ¶ 9. *See also Franklin Cty. Children Servs. v. Copley*, 10th Dist. No. 22AP-159, 2022-Ohio-3406, ¶ 10.

{¶ 38} Here, by failing to object to the magistrate's decision in the trial court, appellant forfeited his right to appellate review under the abuse of discretion standard. *Davis*, *Oshoba-Williams*, and *Copley*. Secondly, appellant's second assignment of error does not assert a claim of plain error, does not otherwise demonstrate plain error, and the majority decision does not review the error of assignment using the plain error standard, I would overrule the second assignment of error and affirm the trial court judgment.

––––––––––––