[Cite as *Kiltau v. Pugh*, 2025-Ohio-5841.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

KYLE KILTAU

    Appellant

    v.

MYSTERIA PUGH, et al.

    Appellees

C.A. No.     31211

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2016-07-2148

DECISION AND JOURNAL ENTRY

Dated: December 31, 2025

---

STEVENSON, Judge.

{¶1} Appellant Kyle Kiltau appeals, pro se, from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, adopting a magistrate's decision and entering judgment denying his motions for reallocation of parental rights and responsibilities; denying his April 8, 2024, multi-part motion and objections to the in camera interview of the minor child; naming maternal grandfather Appellee Russell Pugh as the sole custodian of the minor child; and establishing supervised parenting time, child support obligations, extraordinary medical expense obligations, and the payment obligations on arrears or other balances. This Court affirms.

I.

{¶2} Mr. Kyle Kiltau ("Father") and Ms. Mysteria Pugh ("Mother"), never married, are the parents of the minor child A.K. Mr. Kiltau commenced action in 2016 when he filed a pro se complaint to establish a parent child relationship. The trial court adopted the parents' agreement

as to companionship for the minor child in June 2017. Ms. Pugh was granted custody of the minor child and Mr. Kiltau was granted companionship time.

{¶3}    Ms. Pugh was arrested on drug charges in 2022 and the trial court ordered that she have no contact with the minor child. Mr. Kiltau's requests for temporary custody were denied due to his initial refusal to submit to drug testing. He later tested positive for methamphetamines.

{¶4}    Maternal grandfather was granted exclusive temporary custody of the minor child in November 2022 and Mr. Kiltau was granted supervised visits with the minor child. Paternal grandfather, Gary Kiltau, was granted visitation with the minor child in October of 2023.

{¶5}    Mr. Kiltau, maternal grandfather, and paternal grandfather proceeded to file numerous motions with the trial court. The filed motions included motions for visitation/companionship with the minor child; motions for reallocation of parental rights and responsibilities; motions for legal custody; motions for contempt; a motion for child support; Mr. Kiltau's multi-part motion; and an objection to an in camera interview of the minor child. These motions were addressed and argued during seven evidentiary hearings that were held before the trial court magistrate. The magistrate's decision states that evidentiary hearings were held on January 19, 2024, January 31, 2024, February 7, 2024, February 21, 2024, March 1, 2024, March 25, 2024, and April 9, 2024. The record does not include transcripts of any of these hearings.

{¶6}    The trial court magistrate issued a decision on June 22, 2024, and the trial court adopted that decision and entered judgment denying Mr. Kiltau's motions for reallocation of parental rights and responsibilities; denying his April 2024 multi-part motion and objections to the in camera interview of the minor child; naming maternal grandfather as the sole custodian of the minor child; and establishing supervised parenting time, child support obligations, extraordinary medical expense obligations, and the payment obligations on arrears or other balances. Mr. Kiltau

appeals, asserting four assignments of error for this Court's review. We have consolidated some of Mr. Kiltau's assignments of error and address them out of order for ease of review.

II.

### ASSIGNMENT OF ERROR #3

**THE TRIAL COURT VIOLATED APP.R. 9(C) & DUE PROCESS BY REFUSING TO SETTLE OR APPROVE FATHER'S UNOPPOSED STATEMENT OF THE PROCEEDINGS, THEREBY DEPRIVING HIM OF A MEANINGFUL APPEAL.**

{¶7}    Mr. Kiltau argues in his third assignment of error that the trial court violated App.R. 9(C) and due process by not approving his statement of the proceedings. Mr. Kiltau's App.R. 9(C) argument was previously addressed in this appeal. This Court's magistrate explained in his February 18, 2025, order:

> App.R. 9(C) authorizes the trial court to settle and approve a statement of the evidence or proceedings. An App.R. 9(C) statement, however, cannot be used to prepare a statement of the evidence of proceedings before a magistrate. Instead, Civ.R. 53(D)(3)(b)(iii) requires that objections to factual findings must be supported by a transcript or affidavit and, upon review of appellant's most recent motion, he explained that he filed an affidavit in support of his objections. App.R. 9(C) does not authorize preparation of a statement of the evidence of the proceedings before the magistrate.

{¶8}    Mr. Kiltau did not timely move to set aside that order. Because Mr. Kiltau's App.R. 9(C) argument has already been addressed in this appeal his third assignment of error is overruled on that basis.

### ASSIGNMENT OF ERROR #1

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY PROCEEDING WITH APPELLEE RUSSELL PUGH'S COMPLAINT DESPITE HIS FAILURE TO PERFECT SERVICE UPON APPELLEE MYSTERIA PUGH FOR 670 DAYS, MODIFYING THE EXISTING CUSTODY ORDER WITHOUT JURISDICTION OVER THE PARTIES IN AGREEMENT, RENDERING ANY MODIFICATION TO THE CUSTODY ORDER VOID.**

## ASSIGNMENT OF ERROR #2

**THE COURT COMMITTED PLAIN AND REVERSIBLE ERROR BY ACCEPTING A WAIVER OF SERVICE FILED BY APPELLEE/NON-PARENT RUSSELL PUGH ON BEHALF OF APPELLEE/DEFENDANT MOTHER MYSTERIA PUGH 671 DAYS AFTER HE FILED HIS INITIAL COMPLAINT.**

## ASSIGNMENT OF ERROR #4

**THE TRIAL COURT (COURT) COMMITTED PLAIN, REVERSIBLE ERROR BY IMPLICITLY DENYING APPELLANT'S STANDING TO CHALLENGE THE COURT'S JURISDICTION BY REMOVING HIM FROM THE COURTROOM, DEPRIVING HIM OF HIS RIGHT TO CROSS-EXAMINE THE GAL AND OBJECT TO HER REPORT, AND ALLOWING A VOID CUSTODY ORDER TO PERSIST.**

{¶9} Mr. Kiltau argues in his first and second assignments of error that the trial court erred in proceeding when service of the complaint had not been perfected upon Ms. Pugh and that it erred when it accepted a waiver of service on her behalf. He argues in his fourth assignment of error that the trial court denied him his right to challenge jurisdiction when it removed him from the courtroom, depriving him of his right to cross-examine the GAL and object to her report.

{¶10} Mr. Kiltau is a pro se litigant. This Court has repeatedly noted that:

pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold Appellants to the same standard as any represented party.

(Citations omitted.) *Sherlock v. Myers*, 2004-Ohio-5178, ¶ 3 (9th Dist.); *First Communications, LLC v. Helms*, 2016-Ohio-7586, ¶ 6 (9th Dist.); *In re: Guardianship of P.S.*, 2024-Ohio-1310, ¶ 6 (9th Dist.).

{¶11} The trial court magistrate issued a decision in this case on June 11, 2024. Mr. Kiltau could have objected to the magistrate's decision, asserting the same arguments that he now asserts in this appeal. Mr. Kiltau, however, did not timely file objections. The trial court denied Mr. Kiltau's motion for extension of time to file objections and his motion for nunc pro tunc order to reflect that he filed an objection on July 5, 2024. The record before this Court does not support an alleged July 5, 2024, filing and the trial court's rulings denying the motion for extension of time and motion for nunc pro tunc are not at issue in this appeal.

{¶12} Civ.R. 53(D)(3)(b)(i) states that, "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Pursuant to Civ.R. 53(D)(3)(b)(iv):

> [e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶13} Here, not only did Mr. Kiltau fail to timely object to the magistrate's decision, he has also failed to develop a plain error argument on appeal. "This Court will not create a plain error argument for him." *Stevens v. Stevens*, 2019-Ohio-264, ¶ 17 (9th Dist.). Further, Mr. Kiltau never filed a transcript of the hearing in the trial court or in this Court. Accordingly, we would be unable to fully review the merits of the issues even if Mr. Kiltau had argued plain error. *Id.* Mr. Kiltau's first, second, and fourth assignments of error are accordingly overruled.

III.

{¶14} Mr. Kiltau's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

6

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

KYLE KILTAU, pro se, Appellant.

RUSSELL PUGH, pro se, Appellee.

GARY KILTAU, pro se, Appellee.

MYSTERIA PUGH, pro se, Appellee.