[Cite as *Hood v. Hood*, 2026-Ohio-1666.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tatiana Hood, | : | |
| Plaintiff-Appellee, | : | No. 25AP-904 |
| | | (C.P.C. No. 18DR-2571) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Darnell Hood, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 7, 2026

**On brief:** *Darnell Hood*, pro se.

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations

PER CURIAM.

{¶ 1} Defendant-appellant, Darnell Hood, appeals a judgment from the Franklin County Court of Common Pleas, Division of Domestic Relations. The judgment terminated a 2022 shared parenting plan and designated plaintiff-appellee, Tatiana Hood, as the sole legal custodian and residential parent of the parties' minor child. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} This case originated with complaints for divorce in 2018. In the parties' 2022 divorce decree, the trial court adopted their joint shared parenting plan. Darnell filed a motion to modify parental rights in 2023, which eventually proceeded to a hearing in October 2024. During the hearing, Darnell initiated a physical altercation in the courtroom, which gave rise to domestic violence and assault charges against three different victims, including a minor. Darnell later pleaded guilty to a single charge of assault. The

court denied Darnell's 2023 motion for failure to prosecute and for the courtroom confrontation that ended the proceedings.

{¶ 3}    After the October 2024 hearing, the parties filed three motions that formed the basis of the judgment at issue in this appeal: Tatiana's October 2024 motion for change of parental rights and responsibilities, Darnell's November 2024 motion for change of parental rights and responsibilities, and Tatiana's May 2025 motion to terminate shared parenting and reallocate parental rights and responsibilities. These motions proceeded to a hearing before a magistrate on August 14 and 28, 2025. The magistrate granted Tatiana's May 2025 motion to terminate the shared parenting agreement, denied Tatiana's October 2024 motion as moot, and denied Darnell's November 2024 motion.

{¶ 4}    The trial court docketed the magistrate's written decision on November 3, 2025, and simultaneously docketed the court's judgment entry adopting the magistrate's decision in full. The court included language, pursuant to Civ.R. 53(D)(4)(e)(ii), that immediate relief is justified but that the entry would serve as an interim order in the event that a party files timely objections to the magistrate's decision.

{¶ 5}    Darnell filed a notice of appeal, and the matter is now before this court.

## II.  Assignments of Error

{¶ 6}    Darnell assigns the following three assignments of error for our review:

> [I.] The trial court errored and abused its discretion in dismissing appellant's action.
>
> [II.] The trial court errored and abused its discretion in dismissing appellant's action.
>
> [III.] The trial court errored and abused its discretion in dismissing appellant's action.

## III.  Discussion

{¶ 7}    Two issues prevent this court from fully considering the merits of Darnell's appeal. First, he did not file objections to the magistrate's decision at the trial court. Under Civ.R. 53(D)(4)(e)(i), the trial court may enter its judgment on a magistrate's decision, "either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired." And under Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision

during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Therefore, regardless of the trial court's ruling on the magistrate's decision, a party must still file objections within 14 days of the filing of the magistrate's decision.

{¶ 8} If a party fails to file timely objections to the magistrate's decision, that party "cannot raise objections before the appellate court except to assert that plain error is evident in the trial court's decision." *Davis v. Davis*, 2018-Ohio-3180, ¶ 9 (10th Dist.). If the appealing party fails to establish plain error, he forfeits any argument against the trial court's decision on appeal. *Id.* at ¶ 11. Here, Darnell's appellate brief does not acknowledge that he failed to file objections to the decision he now appeals, nor does he allege or demonstrate plain error. He has therefore forfeited his arguments for purposes of his appeal.

{¶ 9} Second, we note that although Darnell submitted the record of the proceedings below, he did not order the transcripts for the August 2025 hearings before the magistrate. To the extent that Darnell's arguments relate to factual findings, he needed to file a transcript at the trial court under Civ.R. 53(D)(3)(b)(iii), and with this court under App.R. 9(B)(1). Without a transcript, we " 'must presume the regularity of the proceedings below and affirm the trial court's decision.' " *Oshoba-Williams v. Oshoba-Williams*, 2022-Ohio-1826, ¶ 11 (10th Dist.), quoting *Lee v. Ohio Dept. of Job & Family Servs.*, 2006-Ohio-6658, ¶ 10 (10th Dist.).

{¶ 10} Given the foregoing procedural bases and Darnell's failure to establish plain error, we overrule his assignments of error.

## IV. Disposition

{¶ 11} Having overruled Darnell's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN, JAMISON, and DINGUS, JJ., concur.

———————————