[Cite as *Bolden v. Carmona*, 2026-Ohio-2052.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Terry A. Bolden,                                           :

      Plaintiff-Appellee,                         :

                                           No. 24AP-723
v.                                                                  :
                                  (C.P.C. No. 20DR-2592)

Jacqueline Carmona,                                  :                    (REGULAR CALENDAR)

      Defendant-Appellant.                      :

D E C I S I O N

Rendered on June 2, 2026

**On brief:** *Jacqueline Carmona*, pro se. **Argued:** *Jacqueline Carmona*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, J.

{¶ 1} Defendant-appellant, Jacqueline Carmona, appeals from a November 6, 2024 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, adopting a magistrate's decision denying Carmona's motion for an order holding plaintiff-appellee, Terry A. Bolden, in contempt. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This case began in August 2020, when Bolden filed a complaint for divorce. The divorce was finalized pursuant to an agreed judgment entry in August 2022. As relevant to this appeal, the agreed judgment entry ordered Bolden to pay spousal support of $1,300 on the first of each month for a period of 36 months. Carmona was permitted to retain the former marital residence free and clear of any claim from Bolden. She was granted 9 months to refinance the residence or, if unable to refinance the residence, to list it for sale. During the 9-month period, Carmona was granted exclusive use of the residence

and was responsible for mortgage payments, utilities, taxes, and other expenses associated with it.

{¶ 3}   On March 20, 2024, Carmona filed a motion for contempt, asserting Bolden had violated the agreed judgment entry by failing to pay spousal support, interfering with the residence transfer, intercepting mail, cashing joint checks without Carmona's signature or consent, and sending spousal support late during family milestones, special events, and holidays.  On October 29, 2024, a magistrate conducted a hearing on Carmona's motion for contempt.  The magistrate heard sworn testimony from both parties, and an audio recording of the proceedings was made.  Following the hearing, the magistrate issued a decision concluding that Carmona had established by clear and convincing evidence that there were multiple instances when Bolden failed to make his monthly spousal support payment by the first day of the month.  However, the magistrate further found that Bolden had a defense based on instances when he made the mortgage payment on the former marital residence because Carmona failed to timely make the payment.  The magistrate found that Bolden made pro-rated spousal support payments taking into account the amounts he had paid toward the mortgage, and concluded Bolden had ultimately overpaid by approximately $1,400.  The magistrate concluded Bolden's defense was well-taken and declined to hold him in contempt for failure to make timely spousal support payments.  The magistrate also found that Carmona failed to prove her allegations that Bolden interfered with the transfer of the former marital residence by clear and convincing evidence.  The magistrate found that Bolden endorsed and deposited one escrow overage refund check in July 2023, but concluded that action did not violate any specific court order.  Based on these findings, the magistrate denied Carmona's motion for contempt.  Carmona did not file written objections to the magistrate's decision.  On November 6, 2024, the trial court issued a judgment entry adopting the magistrate's decision.

## II.  Assignments of Error

{¶ 4}   Carmona appeals and assigns the following seven assignments of error for our review:

> [I.] The trial court abused its discretion by failing to comply with Sup.R. 16(E) where clear evidence of financial coercion and economic control was presented.

[II.] The court erred by approving a property division that exposed Appellant to foreclosure, contrary to R.C. 3105.171.

[III.] The court erred by accepting Appellant's admission of contempt, made under financial duress and without a voluntary, knowing waiver.

[IV.] The court erred by failing to recognize Appellee's cashing of the equity check as a fraudulent disposition of assets under R.C. 3105.171(E)(4).

[V.] The court erred in reducing the duration and amount of spousal support without considering statutory factors under R.C. 3105.18.

[VI.] The court erred by failing to award attorney's fees and costs due to Appellee's repeated noncompliance.

[VII.] The court erred by failing to compensate Appellant for consequential damages caused by Appellee's misconduct.

## III. Discussion

{¶ 5} Two procedural issues prevent us from considering the merits of Carmona's appeal. Although Carmona is representing herself in this matter, pro se litigants are held to the same standards that apply to litigants represented by counsel. *Franklin Cty. Children Servs. v. Copley*, 2022-Ohio-3406, ¶ 8 (10th Dist.), citing *Zukowski v. Brunner*, 2010-Ohio-1652, ¶ 8.

{¶ 6} First, Carmona did not timely file objections to the magistrate's decision in the trial court. A party may file written objections within 14 days of the filing of a magistrate's decision. Civ.R. 53(D)(3)(b)(i). The magistrate issued his decision following the October 29, 2024 hearing. The trial court adopted the magistrate's decision fewer than 14 days later, on November 6, 2024, which is permitted under the Civil Rules. Civ.R. 53(D)(4)(e)(i) ("The court may enter a judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired."). Under such circumstances, a party may still file written objections within the 14-day period following the filing of the magistrate's decision. Civ.R. 53(D)(3)(b)(i) ("A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, *whether or not the court has adopted the decision*

*during that fourteen-day period* as permitted by Civ.R. 53(D)(4)(e)(i)." (Emphasis added.)). When a court has entered judgment during the 14-day period and objections are timely filed, the objections operate as an automatic stay of execution of the judgment until the court disposes of the objections. Civ.R. 53(D)(4)(e)(i). "Therefore, regardless of the trial court's ruling on the magistrate's decision, a party must still file objections within 14 days of the filing of the magistrate's decision." *Hood v. Hood*, 2026-Ohio-1666, ¶ 7 (10th Dist.).

{¶ 7} A party that fails to file objections to a magistrate's decision waives all but plain error on appeal. *Id.* at ¶ 8. *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."). "The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." *McLellan v. McLellan*, 2011-Ohio-2418, ¶ 7 (10th Dist.). *See Goldfuss v. Davidson*, 1997-Ohio-401, syllabus ("In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."). In this case, Carmona's brief on appeal does not address the plain error standard or argue that the trial court committed plain error.[1]

---

[1] After filing this appeal, Carmona has attempted to file objections to the magistrate's decision in the trial court outside the time permitted under Civ.R. 53. Carmona filed the present appeal on December 5, 2024. On January 8, 2025, Carmona moved the trial court for leave to file objections to the magistrate's decision. The court denied that motion on January 17, 2025, concluding it lacked jurisdiction over objections to the magistrate's decision because of the pending appeal. Carmona then moved this court to remand the appeal to the trial court; this court issued an order staying the appeal and granting a limited remand to the trial court for the purpose of resolving Carmona's motion for relief under Civ.R. 60(B). On February 10, 2025, Carmona moved the court for relief from judgment under Civ.R. 60(B), requesting the case be reopened so she could file objections to the magistrate's decision, and for leave to file objections out of rule. On April 11, 2025, the court denied the motion for leave to file objections out of rule but granted leave to file a motion for relief under Civ.R. 60(B). On May 30, 2025, Carmona filed another motion for leave to file objections out of rule in the court, and a motion for relief under Civ.R. 60(B). On July 10, 2025, the court denied the motion for leave to file objections out of rule, and denied the motion for relief under Civ.R. 60(B), finding there was no basis for relief under Civ.R. 60(B).

{¶ 8}   Second, Carmona did not file a transcript of the proceedings before the magistrate.  To the extent Carmona's arguments relate to the magistrate's factual findings, she was required to file a transcript in the trial court under Civ.R. 53(D)(3)(b)(iii), and with this court under App.R. 9(B).  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *McLellan* at ¶ 9. *See Hood* at ¶ 9 (noting that without a transcript the appellate court must presume the regularity of the trial court's proceedings and affirm the trial court's decision).  In each of the arguments asserted in her appellate brief, Carmona refers to findings made by the magistrate and she frequently refers to specific exhibits from the original hearing and the hearing before the magistrate.  Absent a transcript, however, we are unable to review these issues and must affirm the judgment of the trial court based on the presumption of validity in the court below.[2]

{¶ 9}   Due to these procedural flaws and Carmona's failure to assert or establish plain error, we must overrule her seven assignments of error.

## IV.  Conclusion

{¶ 10}  For the foregoing reasons, we overrule Carmona's seven assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

BEATTY BLUNT and JAMISON, JJ., concur.

------

[2] We note that on January 24, 2025, Carmona filed in the trial court a transcript of the October 29, 2024 hearing before the magistrate. However, Carmona has not filed a copy of that transcript with this court in the present appeal.